IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENGLOBAL U.S., INC. | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-02746 |
| | § | |
| NATIVE AMERICAN SERVICES CORPORATION | § § | |
| | § | |
|    Defendant. | § | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 56 MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Native American Services Corporation ("**NASCO**") files this Motion for Leave to file a Sur-Reply (the "**Motion for Leave**") to Plaintiff ENGlobal U.S., Inc.'s ("**ENGlobal**") Reply to NASCO's Response in Opposition to ENGlobal's Rule 56 Motion for Partial Summary Judgment and respectfully shows the Court as follows:

**I.  NATURE AND STAGE OF THE PROCEEDINGS**

1. On July 28, 2016, ENGlobal filed suit against NASCO in the 80th Judicial District Court of Harris Country, Texas (the "**State Court Action**") alleging breach of contract and seeking damages in the amount of $593,900.56 for services allegedly performed by ENGlobal pursuant to that contract (the "**Agreement**") and not paid for by NASCO (the "**ENGlobal Claim**"). [D. 1-1 at pp. 4 – 22.]

2. On September 12, 2016, NASCO removed the State Court Action to the United States District Court for the Southern District of Texas, Houston Division on the basis of diversity of citizenship. [D. 1.]

3. On October 5, 2016, NASCO filed its First Amended Answer, Affirmative Defenses and Counterclaim against ENGlobal in this Court. [D. 9.] NASCO's Counterclaim asserts claims for fraudulent inducement, negligent misrepresentation, breach of contract and money had and received.

4. On July 3, 2017, ENGlobal filed two motions for summary judgment. [D. 27 & 28.] On July 24, 2017, NASCO filed its Responses in Opposition submitting that both motions for summary judgment should be denied in their entirety. [D. 29 & 30.] The Court has not yet ruled on ENGlobal's motions for summary judgment.

5. On July 31, 2017, ENGlobal filed a Reply [D. 33] to NASCO's Response in Opposition to ENGlobal's Motion for Partial Summary Judgment ("**ENGlobal's Reply**"). ENGlobal's Reply has introduced new arguments in support of its Motion for Partial Summary Judgment [D. 28] which has created the need for NASCO to file this Motion for Leave.

## II. STATEMENT OF THE ISSUES

6. On the basis that ENGlobal's Reply has introduced new arguments in support of its Motion for Partial Summary Judgment, the issue is whether NASCO should be given an opportunity to respond.

## III. SUMMARY OF THE ARGUMENT

7. In making its determination on ENGlobal's Motion for Partial Summary Judgment [D. 28] if the Court chooses to consider any arguments that are being raised for the first time in ENGlobal's Reply, then in the interests of justice NASCO should be permitted an opportunity to respond to those arguments.

## IV. ARGUMENT AND AUTHORITIES

### A. Standard of Review

8. NASCO is not aware of any express Federal or Local Rule of Court, or any of the Court's procedures, which contemplate filing a Sur-Reply. However, given the importance of the issues raised in ENGlobal's Reply and for the purposes of procedural clarity, NASCO is seeking such leave solely in order to respond to new issues injected by ENGlobal's Reply outside of the arguments raised in its original Motion for Partial Summary Judgment.

9. A sur-reply is appropriate when the movant raises new legal theories or attempts to present new evidence at the reply stage. *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 U.S. Dist. LEXIS 41872 (S.D. Tex. Mar. 23, 2017), at *12 – 13. The Court should permit a sur-reply as long as it responds to previous briefs and does not raise any new legal arguments itself. *Newby v. Enron Corp.* (*In re Enron Corp. Secs*), 465 F. Supp. 2d 687, 691 (S.D. Tex. 2006). NASCO's proposed Sur-Reply conforms to these standards.

### B. Argument

10. Three new arguments are raised in ENGlobal's Reply: (i) that exemplary damages are a form of special damages; (ii) that lost profits are necessarily consequential or special damages under the facts of this case; and (iii) that damages for loss of goodwill are special damages.

11. As these arguments were raised for the first time in ENGlobal's Reply, NASCO has not yet had the opportunity to respond. On that basis, the Court should permit NASCO the opportunity to respond. NASCO attaches a copy of its Sur-Reply as Exhibit A.

## V. CONCLUSION

12. NASCO asks the Court to grant NASCO's Motion for Leave and permit the filing of its Sur-Reply.

DATED and FILED on August 10, 2017.

        Respectfully submitted,

        */s/ Steven B. Harris*
        Steven B. Harris, Attorney-In-Charge
        Texas Bar No. 09093200
        S.D. No. 3920
        SQUIRE PATTON BOGGS (US) LLP
        6200 Chase Tower
        600 Travis Street
        Houston, Texas 77002
        Phone:  713-546-5850
        Fax:  713-546-5830
        E-Mail:  Steven.Harris@squirepb.com

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Greg R. Wehrer
Texas Bar No. 24068592
S.D. No. 1037384
Amanda D. Price
Texas Bar No. 24060935
S.D. No. 1155447
6200 Chase Tower
600 Travis Street
Houston, Texas 77002
Phone:  713-546-5850
Fax:  713-546-5830
E-Mail:  Greg.Wehrer@squirepb.com
E-Mail:  Amanda.Price@squirepb.com

        **ATTORNEYS FOR DEFENDANT NATIVE AMERICAN SERVICES CORPORATION**

4

## **CERTIFICATE OF CONFERENCE**

I certify that on August 10, 2017, counsel for Defendant conferred with Rhonda Bennetsen, counsel for Plaintiff, via telephone.  Plaintiff opposes this Motion for Leave.

*/s/ Steven B. Harris*
Steven B. Harris

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system for fling and served the following:

*Via ECF:*
Jeffrey L. Diamond
Malinda Edwards de Mata
J. Diamond and Associates, PLLC
730 North Loop
Houston, Texas 77009

*/s/ Steven B. Harris*
Steven B. Harris