# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENGLOBAL U.S., INC. § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:16-cv-02746 |
| § | |
| NATIVE AMERICAN SERVICES § | |
| CORPORATION § | |
| § | |
| Defendant. § | |

**DEFENDANT'S SUR-REPLY TO PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 56 MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Native American Services Corporation ("**NASCO**") files this Sur-Reply (the "**Sur-Reply**") to Plaintiff ENGlobal U.S., Inc.'s ("**ENGlobal's**") Reply to NASCO's Response in Opposition to ENGlobal's Rule 56 Motion for Partial Summary Judgment and respectfully shows as follows:

### I. NATURE AND STAGE OF THE PROCEEDINGS

1. On July 28, 2016, ENGlobal filed suit against NASCO in the 80th Judicial District Court of Harris Country, Texas (the "**State Court Action**") alleging breach of contract and seeking damages in the amount of $593,900.56 for services allegedly performed by ENGlobal pursuant to that contract (the "**Agreement**") and not paid for by NASCO (the "**ENGlobal Claim**"). [D. 1-1 at pp. 4 – 22.]

2. On September 12, 2016, NASCO removed the State Court Action to the United States District Court for the Southern District of Texas, Houston Division on the basis of diversity of citizenship. [D. 1.]

3. On October 5, 2016, NASCO filed its First Amended Answer, Affirmative Defenses and Counterclaim against ENGlobal in this Court. [D. 9.] NASCO's Counterclaim asserts claims for fraudulent inducement, negligent misrepresentation, breach of contract and money had and received.

4. On July 3, 2017, ENGlobal filed two motions for summary judgment. [D. 27 & 28.] On July 24, 2017, NASCO filed its Responses in Opposition submitting that both motions for summary judgment should be denied in their entirety. [D. 29 & 30.] The Court has not yet ruled on ENGlobal's motions for summary judgment.

5. On July 31, 2017, ENGlobal filed a Reply [D. 33] to NASCO's Response in Opposition to ENGlobal's Motion for Partial Summary Judgment ("**ENGlobal's Reply**").

## II.  STATEMENT OF THE ISSUES

6. ENGlobal has raised the following three new arguments for the first time in its Reply: (i) that exemplary damages are special damages; (ii) that lost profits are consequential or special damages under the facts of this case; and (iii) that damages for loss of goodwill are special damages. The issue is whether ENGlobal has established each of those arguments as a matter of law.

## III.  SUMMARY OF THE ARGUMENT

7. Each of the three new arguments raised by ENGlobal fails as a matter of law. ENGlobal has mistakenly conflated the fair notice rules of pleading with the substantive common-law rules on the recoverability of damages which has lead it to the conclusion that exemplary

damages and damages for loss of goodwill are special damages. ENGlobal has also failed to establish that the lost profits being sought by NASCO are to be automatically categorized as consequential damages. To the contrary, on the particular circumstances of this case, such lost profits are clearly direct damages which are not excluded under the terms of the Agreement.

### IV. ARGUMENT AND AUTHORITIES

**A.     ENGlobal's argument that exemplary damages are special damages**

8.     ENGlobal has mistakenly conflated the fair notice rules of pleading with the substantive common-law rules on the recoverability of damages.

<u>Standard of Review</u>

9.     FED. R. CIV. P. 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

10.     To meet that fair notice standard, a claim that (for pleading purposes) falls within the category of "general damages" (i.e., damages that naturally and necessarily flow from the defendant's wrongful conduct) does not need to be specifically pleaded. In contrast, damages that (for pleading purposes) constitute "special damages" are not presumed to have been contemplated by the wrongdoer, and so must be specifically alleged. FED. R. CIV. P. 9(g).

11.     That rule of fair notice in pleading should not be confused with the separate and distinct common-law rules on the recoverability of damages. For a discussion of those common law rules, see NASCO's Response in Opposition to Plaintiff's Rule 56 Motion for Partial Summary Judgment. [D. 30 at pp. 4 - 5.] In summary, Texas law recognizes two types of compensatory (or actual) damages: (1) Direct (or general) damages; and (2) consequential (or special) damages. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997). As the Agreement does not define the term "consequential" or "special" damages, the parties are

3

presumed to have intended their ordinary meaning; that found in the common law. *Cherokee County Cogeneration Partners, L.P. v. Dynegy Mktg. & Trade*, 305 S.W.3d 309, 314 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The term "consequential and "special" damages are interchangeable under Texas law. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007).

Exemplary damages are not special damages

12. The authorities cited by ENGlobal for the proposition that exemplary damages are special damages are given in the specific context of satisfying the fair notice standard of pleading (as applicable in Texas State Court) and not in the context of contractual limitations of liability. See *In re Jacobs*, 300 S.W.3d 35, 43 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding). Those authorities expressly recognize that exemplary damages are not compensatory in nature. *Id*.

13. In contrast, the contractual limitation of liability contained in Section K.4 of the Agreement, when given its ordinary meaning at common law, is clearly intended to exclude the second limb of compensatory damages (known as consequential damages).

14. NASCO notes that prior to filing its Reply, ENGlobal sought to amend its own pleadings to seek recovery of exemplary damages. [D. 32 at ¶ 11.1(e).] ENGlobal thus appears to be contradicting the argument it makes in its Reply against NASCO's position. Notwithstanding NASCO's existing Motion to Strike ENGlobal's First Amended Complaint [D. 35], if ENGlobal were to establish that exemplary damages fell within the ambit of Section K.4 of the Contract, then ENGlobal would automatically defeat its own claim.

**B.    ENGlobal's argument that lost profits are consequential or special damages under the facts of this case**

15. Contrary to ENGlobal's assertion, profits lost on other contracts or relationships resulting from the breach will not automatically be classified as indirect or consequential damages.

4

Standard of Review

16. Firstly, ENGlobal misquotes the relevant passage from *Cherokee*. ENGlobal cites the passage as "profits lost on other contracts or relationships resulting from the breach [should] be classified as 'indirect' or 'consequential damages." *Cherokee*, 305 S.W.3d at 314.

17. In fact, what the passage actually says is as follows:

> "On the other hand, profits lost on other contracts or relationships resulting from the breach **may** be classified as "indirect" or consequential damages." [emphasis added] *Id*.

18. The difference is significant. The Court in *Cherokee* was simply recognizing that, in certain cases, profits lost on other contracts <u>may</u> properly amount to consequential damages. The Court was not, as ENGlobal is suggesting, opining that such lost profits should, as a default, be classified as consequential. In fact, the Court in *Cherokee* held that the profits lost on the third party contracts in the circumstances of that case amounted to direct damages. *Id*. at 315.

19. Secondly, there is no bright-line rule dictating that all profits lost on third party transactions must automatically constitute consequential damages. To the contrary, the well-established test to distinguish direct damages from consequential damages is that (i) direct damages flow naturally and necessarily from a defendant's wrongful act and compensate the plaintiff for a loss that is conclusively presumed to have been foreseen by the defendant as the usual and necessary consequence of the wrongdoing; whereas (ii) consequential damages, on the other hand result naturally, but not necessarily, from the defendant's wrongful acts. *Arthur Andersen*, 945 S.W.2d at 816.

Lost profits are not consequential damages

20. NASCO will demonstrate at trial that the profits it lost on its relationships with third parties flowed naturally and necessarily from ENGlobal's wrongful conduct. NASCO will show that the loss it suffered would, in the circumstances of this case, have conclusively been presumed

5

to have been foreseen by ENGlobal as the usual and necessary consequence of its wrongdoing, as is obvious from the fact that the Agreement specifically references and adopts by reference the FEED specifications from the Orthios contract to which it related.

### C. ENGlobal's argument that damages for loss of goodwill are special damages

21. This statement suffers from the same deficiency as that for exemplary damages under Section IV.A. above.

Standard of Review

22. NASCO repeats and relies on paragraphs A.9 to A.11 above.

Damages for loss of goodwill are not special damages

23. The authorities cited by ENGlobal for its argument that loss of goodwill constitutes special damages were decided in the specific context of meeting the requirements for sufficient pleading, and not in the context of contractual limitations of liability. Both *Texas & P.R. Co. v. Mercer*, 90.S.W.2d 557 (Tex. 1936) and *Southwest Bank & Trust Co v. Executive Sportsman Asn'n*, 477 S.W.2d 920, 928-9 (Tex. Civ. App.—Dallas 1972, writ ref'd n.r.e.) are authority for the proposition that damages for loss of goodwill must be specifically pleaded under Texas law as special damages, as opposed to general damages. Neither case dealt with a contractual limitation on liability and the specific issue of the exclusion of certain heads of damages from that limitation.

24. The Courts' discussion in these cases on the question of lost goodwill was clearly in the context of the requirement for such damage to be specifically pleaded in order to be recoverable. In contrast, the contractual limitation of liability contained in Section K.4 of the Agreement is clearly intended to exclude the second limb of compensatory damages that would otherwise be recoverable under common-law.

## V.  CONCLUSION

25. For these reasons, as matter of law, ENGlobal is not entitled to partial summary judgment on any of the three new arguments raised for the first time in its Reply and NASCO asks the Court to deny ENGlobal's Rule 56 Motion for Partial Summary Judgment.

DATED and FILED on August 10, 2017.

    Respectfully submitted,

    */s/ Steven B. Harris*
    Steven B. Harris, Attorney-In-Charge
    Texas Bar No. 09093200
    S.D. No. 3920
    SQUIRE PATTON BOGGS (US) LLP
    6200 Chase Tower
    600 Travis Street
    Houston, Texas 77002
    Phone:  713-546-5850
    Fax:  713-546-5830
    E-Mail:  Steven.Harris@squirepb.com

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Greg R. Wehrer
Texas Bar No. 24068592
S.D. No. 1037384
Amanda D. Price
Texas Bar No. 24060935
S.D. No. 1155447
6200 Chase Tower
600 Travis Street
Houston, Texas 77002
Phone:  713-546-5850
Fax:  713-546-5830
E-Mail:  Greg.Wehrer@squirepb.com
E-Mail:  Amanda.Price@squirepb.com

    **ATTORNEYS FOR DEFENDANT NATIVE AMERICAN SERVICES CORPORATION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 10, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system for fling and served the following:

*Via ECF:*
Jeffrey L. Diamond
Malinda Edwards de Mata
J. Diamond and Associates, PLLC
730 North Loop
Houston, Texas 77009

                                              */s/ Steven B. Harris*
                                              Steven B. Harris