**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ENGLOBAL U.S. INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-16-02746 |
| | § | |
| | § | |
| NATIVE AMERICAN SERVICES | § | |
| CORPORATION | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION TO AMEND THE COMPLAINT AND GRANTING
MOTION FOR LEAVE TO FILE A SURREPLY**

The following motions are pending: ENGlobal U.S. Inc.'s motion for summary judgment, (Docket Entry No. 27), motion for partial summary judgment, (Docket Entry No. 28), and motion to amend its complaint, (Docket Entry No. 31), and Native American Services Corporation's motion to strike ENGlobal's proposed amended complaint, (Docket Entry No. 35), and motion for leave to file a surreply in opposition to ENGlobal's motion for partial summary judgment, (Docket Entry No. 36).

ENGlobal proposes to amend its complaint to add claims for fraudulent inducement, negligent misrepresentation, and quantum meruit. On March 17, 2017, the court entered a scheduling and docket control order setting July 21, 2017 as the deadline for filing motions for leave to amend pleadings. ENGlobal filed its motion on July 27, 2017, six days after that deadline. ENGlobal argues that an inadvertent calendaring error caused the delay, and that good cause for allowing the amendment exists because, if leave is not granted, ENGlobal will be unable to present

1

all its available causes of action. ENGlobal argues that amending will not unfairly prejudice Native American Services Corporation because ENGlobal's claims present alternative theories of recovery that mirror Native American Services Corporation's counterclaims, and will require no additional discovery, time, or expense.

Native American Services Corporation responds that ENGlobal has not shown good cause. Native American argues that the parties had over four months from the date of the scheduling conference to file amended pleadings and that a calendaring mistake does not show good cause. Native American also argues that ENGlobal has failed to show that the proposed amendment is important to the case, and has failed to show that denying the proposed amendment would prejudice ENGlobal.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016). Rule 16(b) requires a district court to enter a scheduling order setting deadlines, including for pleading amendments. *See* FED. R. CIV. P. 16(b)(1). By limiting the time for amending pleadings, Rule 16(b) is designed to ensure that "at some point both the parties and the pleadings will be fixed." *See id.* (Advisory Committee Notes to 1983 Amendment).

The Rule 16(b) "good cause" standard, rather than the Rule 15(a) "freely given" standard, governs a motion to amend filed after a court's scheduling order deadline. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010). The good-cause standard requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations

omitted).  In deciding whether there is good cause to amend a scheduling order, courts consider: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice."  *Bias*, 816 F.3d at 328.

ENGlobal's explanation of its failure to timely move for leave to amend—a calendaring mistake—does not meet the good-cause standard of diligence on the part of the party seeking the extension.  ENGlobal's argument that it is prejudiced by not amending is undermined by its argument that the proposed added claims are merely alternative theories of relief that mirror the counterclaims.  The parties have already filed and briefed motions for summary judgment based on the existing pleadings, an added reason to deny the late-filed leave to amend.  ENGlobal has not shown good cause, and its motion for leave to amend the complaint is denied.

Native American Services Corporation also moved for leave to file a surreply to ENGlobal's motion for partial summary judgment.  Native American Services Corporation asserts that ENGlobal raised three new arguments in its reply: (1) that exemplary damages are a form of special damages; (2) that lost profits are necessarily consequential or special damages; and (3) that damages for loss of goodwill are special damages.  A surreply is appropriate "only when the movant raises new legal theories or attempts to present new evidence at the reply stage."  *Makhlouf v. Tailored Brands, Inc.*, 2017 WL 10922311, at *5 (S.D. Tex. Mar. 23, 2017) (collecting authority).  Leave to file a surreply is not appropriate "where the proposed surreply does not include new arguments or evidence or merely restates arguments in the movant's response."  *Id.*

ENGlobal's reply to Native American Service Corporation's response to ENGlobal's motion for summary judgment raised new arguments and legal theories.  Native American Service

Corporation's proposed surreply responds to those arguments and legal theories.  Leave to file a surreply is appropriate, and the motion for leave to file a surreply is granted.

The motion to amend the complaint, (Docket Entry No. 31), is denied.  The motion to strike the amended complaint, (Docket Entry No. 35), is denied as moot.  The motion for leave to file a surreply, (Docket Entry No. 37), is granted.  The court will rule on the motion for summary judgment and the motion for partial summary judgment, (Docket Entry Nos. 27–28), after Native American Services Corporation files its surreply.

SIGNED on September 1, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge