IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENGLOBAL U.S., INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  4:16-cv-02746 |
| | § | |
| NATIVE AMERICAN SERVICES CORPORATION | § | |
| | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO DESIGNATE RESPONSIBLE THIRD PARTY

Defendant Native American Services Corporation ("NASCO") files its Response in Opposition to Plaintiff ENGlobal U.S., Inc.'s ("ENGlobal") Motion for Leave (the "Motion") to designate "Hurst Boilers" as a responsible third party in this case. [D. 60].

**I.    SUMMARY OF ARGUMENT**

1.    ENGlobal's Motion for leave to designate Hurst Boilers as a responsible third party with respect to NASCO's affirmative claims in this case must fail because:

(a)    As a matter of law, a responsible third party designation cannot be made in respect of breach of contract claims and equitable claims related to a breach of contract; and

(b)    ENGlobal has not plead sufficient facts to state a claim for relief that is plausible on its face concerning Hurst Boilers' responsibility for NASCO's claims for fraudulent inducement and negligent misrepresentation.

**II.    APPLICABLE LAW**

2.    The proportionate responsibility provisions in Chapter 33 of the Texas Civil Practice and Remedies Code apply to any cause of action based on tort, in which a defendant,

settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought by the plaintiff/counterclaimant. TEX. CIV. PRAC. & REM. CODE §33.002(a)(1). (emphasis added)

3. Section 33.004 of the Texas Civil Practice and Remedies Code permits a defendant to ask a fact finder to apportion fault among parties and certain non-parties for, *inter alia*, any cause of action based on tort. *Coachmen Indus. v. Alternative Serv. Concepts L.L.C.*, No. H-06-0892, 2008 U.S. Dist. LEXIS 53905, at * 5 (S.D. Tex. July 15, 2008). In contrast, a defendant cannot designate a responsible third party with respect to a breach of contact claim against him. See *In re Kyocera Wireless Corp.*, 162 S.W.3d 758, 769 (Tex. App. El Paso 2005, orig. proceeding); *Coachmen Indus.*, 2008 U.S. Dist. LEXIS 53905, at * 5, citing *Nels Cary, Inc. v. Day*, No. 3:07-CV-0832-D, 2008 U.S. Dist. LEXIS 15928 (N.D. Tex. Feb. 29, 2008).

4. A claim for money had and received is an equitable doctrine, applied to prevent unjust enrichment. *First Am. Title Ins. Co. v. Brett C. Moody Invs., LLC*, No. H-14-0473, 2015 U.S. Dist. LEXIS 32867, at * 8 (S.D. Tex. March 17, 2015), citing *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir. 2004). It is likewise not the type of claim to which Texas Civil Practice and Remedies Code § 33.004 may apply. A plaintiff asserting a claim for money had and received must simply show that a defendant holds money that in equity and good conscience belongs to the plaintiff. *Id.* The doctrine is not based on any wrongdoing of the defendant, but looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another. *Amoco Prod. Co. v. Smith,* 946 S.W.2d 162, 164 (Tex. App. El Paso 1997, no writ).

5. Although several cases in the Southern District have discussed the application of §§ 33.002 and 33.004 of the Texas Civil Practice and Remedies Code to claims for money had and received, Respondent has found none that decide the issue whether an equitable claim of this

nature can properly involve a designation of a Responsible Third Party, since the nature of the claim is not based on wrongdoing of any party. See *Magna Equities II, LLC v. Heartland Bank*, No. H-17-1479, 2018 U.S. Dist. LEXIS 31971 (S.D. Tex. Feb. 28, 2018), *ProducciÓn v. Murphy Energy Corp., 923 F. Supp. 2d 961* (S.D. Tex. Feb. 11, 2013) and *Pemex Exploracion Y Produccion v. BASF Corp.*, Nos. H-10-1997 and H-11-2019, 2011 U.S. Dist. LEXIS 156655 (S.D. Tex. Oct. 20, 2011).  Respondent has found no Texas state case in which this process has been applied to a claim for money had and received.

### B. Grounds to establish objection

6. Under the governing procedure set out in the Texas Civil Practice and Remedies Code, when an objection to the motion for leave to designate a responsible third party is timely filed, the court shall grant leave to designate the person as a responsible third party if the doctrine is applicable to the claim(s) in issue, unless the objecting party establishes that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure.  TEX. CIV. PRAC. & REM. CODE §33.004(g)(1).

7. In cases before the Federal courts, the relevant pleading requirements to be satisfied are those of the Federal Rules of Civil Procedure, not the Texas Rules of Civil Procedure.  Federal courts apply state substantive law when adjudicating diversity jurisdiction claims, but in doing so apply federal procedural law to the proceedings.  *Hall v. GE Plastic Pac. PTE, Ltd.*, 327 F.3d 391, 395 (5th Cir. 2003).

8. Federal Rule of Civil Procedure 8 requires a pleading that states a claim for relief to contain, *inter alia*, a short and plain statement of the claim showing that the pleader is entitled to relief.  The pleading requirements under the Federal Rules of Civil Procedure require a complaint to contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Peña v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018), citing of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   ARGUMENT

#### A.   NASCO's claims for breach of contract and money had and received

9.   As a matter of law, ENGlobal's attempt to designate "Hurst Boilers" as a responsible third party with respect to NASCO's claims for breach of contract and money had and received must fail. First, *In re Kyocera,* 162 S.W.3d at 769, and *Coachmen Indus.*, 2008 U.S. Dist. LEXIS 53905, at * 5, clearly establish that a defendant cannot designate a responsible third party with respect to a breach of contract claim.

10.   Second, the designation is inapplicable to an equitable claim based on unjust enrichment. Here, the claim for money had and received does not sound in tort or on any of the other grounds specified in Texas Civil Practice and Remedies Code § 33.002 and therefore cannot support the designation of a responsible third party. This is only logical, since the doctrine is based on fault. If apportioning fault for wrongdoing is irrelevant in the context of a claim for money had and received, there can be no fault for the factfinder to apportion among parties. *Amoco Prod. Co.,* 946 S.W.2d at 164. Therefore, there can be no fault to apportion to third parties. For this reason alone, ENGlobal's Motion should fail with respect to NASCO's money had and received claim.

11.   Further, even if a claim for money had and received could legally support a motion to designate a responsible third party, it is clear that neither ENGlobal's Motion, nor its pleadings assert any facts providing a plausible link between "Hurst Boilers'" actions and NASCO's claim for money had and received by ENGlobal.

12.     ENGlobal's complaints in sections I and IV of its Motion appear to center around allegations that "Hurst Boilers" failed to cooperate with ENGlobal and failed to provide certain information sought by ENGlobal in the course of its attempt to perform work under the Subcontract.  Even if those allegations were sufficiently specific and accurate (which NASCO denies) the argument that "Hurst Boilers" somehow interfered with ENGlobal's performance of its contractual obligations by failing to provide information to ENGlobal has nothing to do with NASCO's claim that ENGlobal is currently holding money that, in equity and good conscience, belongs to NASCO as a result of interim payments for services that ENGlobal never actually performed fully as required by the Subcontract.  Moreover – and critically – ENGlobal has *never* alleged or proved that it issued a change order request seeking additional time for completing any aspect of its contractual Scope of Work by reason of some impact from any act or omission of "Hurst Boilers".  Now, ENGlobal simply makes the conclusory statement in its Motion that "*Hurst's actions or inactions caused or contributed to the issues alleged by NASCO in its counterclaim for damages*" which says nothing.  It fails even to name the specific legal identity of the party to which it generically refers to as "Hurst Boilers".

13.     ENGlobal could also have sought to join "Hurst Boilers" as a co-defendant but it never did.

14.     As a result, even if its allegations are accepted as true, ENGlobal has not plead a sufficient factual basis to state a claim that "Hurst Boilers" committed any specific act or omission that would render this Motion plausible on its face and so has failed to meet the pleading requirements of Federal Rule of Civil Procedure 8.  ENGlobal's Motion should fail accordingly.

**B.     NASCO's claims for fraudulent inducement and negligent misrepresentation**

15.     It is equally clear from the face of ENGlobal's Motion that no basis exists to assert any alleged "third party" responsibility on "Hurst Boilers" to insulate ENGlobal against liability for damages by reason of NASCO's claims against ENGlobal for fraudulent inducement or negligent misrepresentation.  The allegations in ENGlobal's Motion that Hurst Boilers failed to cooperate with ENGlobal and provide it with certain information *after* ENGlobal commenced its activities under the Subcontract all relate solely to that period, whereas the negligent misrepresentation and fraudulent inducement claims asserted by NASCO either: (i) relate to ENGlobal's conduct before it entered into the Subcontract [D. 9 at Counterclaim ¶¶ 24 - 37], or (ii) to ENGlobal's concealment of its inability to perform its contracted Scope of Work (and the causes for such inability) after it commenced the job.

16.     With respect to the first category, "Hurst Boilers" had no role in ENGlobal's representations to NASCO before the Subcontract was signed.

17.     With respect to the second category, ENGlobal's argument runs head-first into the problem it has with its argument about designating "Hurst Boilers" as a responsible third party in regard to NASCO's breach of contract claim; ENGlobal *never sought any change order due to impacts from any third party.*  ENGlobal cannot change the fact that it completely ignored the "impacts" of any act or omission of Hurst Boilers during the job when it had contractual means to seek schedule or cost relief for those impacts.

**IV.     CONCLUSION AND PRAYER**

18.     As indicated above, ENGlobal has done nothing more than make a conclusory statement that is at odds with the undisputed facts, legally inapposite under the governing standard of Chapter 33 of the Texas Civil Practice and Remedies Code, and completely fails to

discharge its obligations under the basic pleading standard under Federal Rule of Civil Procedure 8. As a result, ENGlobal's Motion should fail

19. Based on the arguments set forth above, NASCO asks that the Court deny ENGlobal's Motion to designate Hurst Boilers as a responsible third party in this case.

DATED and FILED on April 9, 2018.

    Respectfully submitted,

    */s/ Steven B. Harris*
    Steven B. Harris, Attorney-In-Charge
    Texas Bar No. 09093200
    S.D. No. 3920
    SQUIRE PATTON BOGGS (US) LLP
    6200 Chase Tower
    600 Travis Street
    Houston, Texas 77002
    Phone: 713-546-5850
    Fax: 713-546-5830
    E-Mail: Steven.Harris@squirepb.com

OF COUNSEL:

SQUIRE PATTON BOGGS (US) LLP

Greg R. Wehrer
Texas Bar No. 24068592
S.D. No. 1037384
Amanda D. Price
Texas Bar No. 24060935
S.D. No. 1155447
Luke C. McCosker
Texas Bar No. 24103587
S.D. No. 3169671
6200 Chase Tower
600 Travis Street
Houston, Texas 77002
Phone: 713-546-5850
Fax: 713-546-5830
E-Mail: Greg.Wehrer@squirepb.com
E-Mail: Amanda.Price@squirepb.com
E-Mail: Luke.McCosker@squirepb.com

    **ATTORNEYS FOR DEFENDANT NATIVE AMERICAN SERVICES CORPORATION**

## CERTIFICATE OF SERVICE

      I hereby certify that on April 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system for fling and served the following:

*Via ECF:*
Jeffrey L. Diamond
Malinda Edwards de Mata
J. Diamond and Associates, PLLC
730 North Loop
Houston, Texas 77009

                                            */s/ Steven B. Harris*
                                            Steven B. Harris